United States District Court
Southern District of Texas
**ENTERED**
July 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN CRAIG FITTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02598 |
| | § | |
| WAYDE BRACKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Justin Craig Fitts filed suit under 42 U.S.C. § 1983. He alleges that employees of the Grimes County Sheriff's Department misappropriated his personal property in violation of the Fourteenth Amendment, and prevented him from pressing charges against another inmate of the Grimes County jail. This Court previously dismissed several defendants, leaving only three Grimes County Sheriff's Department personnel. These defendants moved to dismiss, and Fitts responded to the motion. Based on the pleadings, the motion, the response, and the applicable law, the defendants' motion is granted in part and denied in part for the reasons set out below.

### I.    **Background**

Fitts was arrested by Grimes County Sheriff's Office personnel. He alleges that, during his arrest, officers took his personal property and gave it to his neighbor. He sues Deputies Brackin and Harris for the alleged theft of his property. Fitts also contends that,

during his detention at the Grimes County Jail, defendant Martin prevented him from filing charges against another inmate who allegedly assaulted him.

## II. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## III. Analysis

### A. Property Claim

While the defendants argue that Fitts' complaint is too vague to state a claim for relief on his property deprivation claim, he specifically alleges that defendants Brackin and Harris took his property during his arrest and gave it to his neighbor. While it may be the case that the defendants will be able to present evidence showing that they handled Fitts' property properly, the Court is required to accept Fitts' allegations as true on a motion to dismiss. Furthermore, because Fitts is proceeding *pro se*, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under these standards,

Fitts pleads sufficient facts to state a claim that defendants Brackin and Harris deprived him of his property without due process of law.

### B. Filing Charges

Fitts' claim that he was prevented from filing charges are vague and conclusory. He does not allege any specific action by defendant Martin, does not explain the charges he wished to file, the agency with which he wished to file, or identify how Martin's alleged actions violated his constitutional rights. This claim must be dismissed.

### IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss, (Doc. # 35), is GRANTED IN PART AND DENIED IN PART. Fitts' claim against defendant Martin is dismissed with prejudice.

SIGNED on July 14, 2022, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge