United States District Court
Southern District of Texas
**ENTERED**
March 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN CRAIG FITTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02598 |
| | § | |
| WAYDE BRACKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Justin Craig Fitts filed a civil rights complaint alleging that the defendants improperly handled his personal property after arresting him, leading to that property being lost or stolen.  This Court dismissed Fitts's claims against the Grimes and Montgomery County Sheriff's Offices, Robert Kimich, and Relay Station (Doc. # 23 and 33) and Sergeant Martin (Doc. # 56).

The remaining defendants, Wade Brackin and Deputy Kevin Harris, now move for summary judgment. Based on the pleadings, the motion, Fitts's response and supplemental response, and the applicable law, the defendants' motion is granted, and the claims against them are dismissed with prejudice.  The reasons for this decision are set out below.

## I.    Background

The following facts are drawn from the evidence attached to the defendants' motion for summary judgment.  In his response and supplemental response to the motion, Fitts disputes some of the factual assertions put forth by the defendants, but he presents no evidence to contradict the defendants' evidence.

1 / 4

On April 26, 2021, defendant Wade Brackin, a Grimes County Sheriff's Deputy, responded to a disturbance call.  Amended Motion for Summary Judgment (Doc. # 77), Exh. A.  Brackin arrived to find the plaintiff, Justin Craig Fitts, walking toward him with a knife.  *Id.*  Brackin told Fitts to stop and drop the knife, but Fitts refused and continued walking toward Brackin.  *Id.*  Fitts then attempted to flee on foot, and resisted arrest when apprehended.  *Id.*  Items in Fitts's pockets were left at the scene, but were later retrieved, brought to the Grimes County Jail, and inventoried. *Id.*, Exh. B.

Fitts's vehicle, which he purchased from his neighbor Robert Kimich, was the subject of the dispute that led to the disturbance call.  The car was parked at Relay Station, a nearby restaurant.  *Id.*, Exh. A.  After Fitts's arrest, Brackin went to Relay Station and found the car with the windows open.  *Id.*  Kimich, still the registered owner of the vehicle, told Brackin that he did not want the vehicle returned and gave Brackin the title to the car.  *Id.*  Brackin put the title inside the car and left it at Relay Station.  *Id.*  Several days later, the owner of Relay Station had the car towed.  *Id.*

Fitts was charged with evading arrest, resisting arrest, making a terroristic threat, criminal trespass, and aggravated assault against a public servant with a deadly weapon.  *Id.*, Exh. C.  He was later indicted for the aggravated assault charge. *Id.*, Exh. D.

## II.   <u>Analysis</u>

Fitts contends that the defendants took his property without due process in violation of the Fourteenth Amendment.  The defendants move for summary judgment.

### A.   <u>Standard of Review</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact" and therefore judgment is appropriate as a matter of law.  Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

### B.   The Property Claim

In *Parratt v. Taylor*, 451 U.S. 527 (1981) , *overruled on other grds. by Daniels v. Williams*, 474 U.S. 327 (1986), the Supreme Court held that "the Due Process Clause  of the Fourteenth Amendment is not violated when a state employee . . . deprives an individual of property, provided that the state makes available a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531 (1984).   Texas provides a meaningful postdeprivation remedy for property lost following seizure during an arrest.

> When a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligence or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. *Sheppard v. La. Bd. of Parole,* 873 F.2d 761, 763 (5th Cir.1989)(quoting *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Texas has adequate postdeprivation remedies for the confiscation of property. *See Cathey v. Guenther,* 47 F.3d 162, 164 (5th Cir.1995).

*Barnett v. U.S. Secret Serv.*, 273 F.3d 1095 (5th Cir. 2001).

Accepting as true Fitts's claim that the defendants mishandled and lost or stole his property, he nonetheless fails to state a claim for a violation of his constitutional rights. Because postdeprivation remedies were available to Fitts under state law, any deprivation of property was not without due process. The defendants are therefore entitled to summary judgment on Fitts's claim.

## III.   Conclusion

For the foregoing reasons, Wade Brackin's and Kevin Harris's amended motion for summary judgment (Doc. # 77) is GRANTED, and the claims against them are dismissed with prejudice. All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on March 27, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge